## SELBY vs. RILEY.

### Sixth Judicial District Court, October, 1857.

#### FAILURE OF CONSIDERATION.

If property is sold, while in the possession of the sheriff, by virtue of an attachment, duly issued, the title, which remains in the vendor, will pass to the vendee, but subject to the lien created by the attachment—and in an action by the vendor, on a promissory note, given to him in payment for the property so encumbered, the vendee cannot plead this lien as working such a failure of consideration, as will entitle him to recoup the amount expressed on the face of the note, to the extent of the lien. To such a vendee the doctrine *caveat emptor* applies.

The facts are fully set forth in the opinion.

*P. L. Edwards,* for plaintiff.

*Upton & Hereford,* for defendants.

BOTTS, J.—The plaintiff and defendants being in the city of Sacramento, the former sells to the latter certain personal property, then in the town of Folsom, and upon the road between Folsom and Jackson. The defendants execute and deliver to the plaintiff their promissory note for the purchase money, and receive an order upon the agent of the plaintiff for the delivery of the property. This action is brought upon the promissory note, and the defendants plead a failure of consideration. To sustain their plea, they prove that the property was attached by the creditors of the plaintiff, on the night of the day on which they purchased, and that under this attachment, the property was finally sold, and that they never reduced it to actual possession. As to a portion of the property, it appears that the sheriff had attempted to levy an attachment upon it, previous to the sale by the plaintiff to the defendants ; but under my view of the law, it is not necessary to decide whether the acts of the sheriff amounted, in law, to a levy or not.

Between the parties there can be no doubt that the act of sale was perfected by the delivery of the note on the one hand, and the order for the property on the other. From that moment the right of dominion was transferred from the vendor to the vendee, just as much as if the

consideration of the transfer had been the payment of money, instead of the promise to pay, and there are no circumstances that will constitute a defense to this suit, that would not sustain an action to recover back the money, if it had been actually paid.

Under circumstances like these, a *bona fide* vendee is allowed a reasonable time to reduce the property purchased into actual possession. See Montgomery & Berry vs. Hunt, 5 *Cal.* 366. It is possible that by the *laches* of the vendee in this respect, he may let in an attaching creditor, but he can surely take no advantage of his own wrong. As far, therefore, as the attachment after the sale, is concerned, if by it the vendee was deprived of the property he had bought, it was his own fault.

But it is said that a portion of the property was under attachment, at the time of sale. Will the fact that such property never came to the possession of the vendee, constitute a part failure of consideration for which the defendant would have a right to recoup in this action? It may be very doubtful whether the property was ever attached; if it was not, it was still in the possession of the plaintiff at the time of the sale; if it was attached, it was then in the hands of the sheriff. In either event, the *title* remained in the plaintiff only; in the latter case it was encumbered by the lien that attached in consequence of the levy.

Now, for a long time it was the doctrine of the common law, that a sale of personal property implied no warranty of title, but I think the modern doctrine is, that a sale of personal property by one in possession, (*aliter* if in the possession of another,) carries with it a warranty of title. It never was held, that I know of, that a sale in either the one case or the other, implied a covenant against incumbrances. (See Chitty on Contracts, p. 246, and authorities there cited.)

Thus, even if the property was in the hands of the sheriff, encumbered by the lien, the purchaser took at his risk, and is in the category of those to whom the doctrine of " *caveat emptor*" is intended to apply. The plaintiff is entitled to judgment for the principal and interest due upon the note—let judgment be entered accordingly.